```
                                                                    FILED
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA                       03 MAY 20 PM 2:57
                   NORTHEASTERN DIVISION
```

DAVID E. CLOPTON, )
)
    Plaintiff, )
)
vs. )   Civil Action No. CV-02-S-1315-NE
)
AMERICAN HERITAGE LIFE )
INSURANCE COMPANY, )
)   **ENTERED**
    Defendant. )    MAY 2 0 2003

## MEMORANDUM OPINION

Plaintiff's deceased brother, Edward T. Clopton, purchased a life insurance policy from defendant on July 1, 2000.[1] Plaintiff was named beneficiary of the policy,[2] which provided that, if Edward Clopton died in an accident, $150,000 would be paid to plaintiff.[3] The policy also contained a stipulation providing that, "[i]f the insured commits suicide, while sane or insane, within two years after the Issue Date, the Company will pay a benefit equal to the amount of premiums paid" in lieu of the full policy amount.[4] Edward Clopton died of a gunshot wound to the head on June 29, 2001.[5] Plaintiff thereafter sought to collect the accidental death benefits.[6] Defendant refused to pay, on the ground that Edward Clopton's death was a determined to be a suicide,[7] as indicated on his death certificate[8] and plaintiff's signed statement.[9] Plaintiff later changed his opinion regarding the cause

---

[1] Complaint ¶ 5.

[2] *Id.*

[3] *Id.*

[4] Defendant's evidentiary submissions, Tab 1 (Edward T. Clopton Life Insurance Policy), at 5.

[5] *Id.*, Tab 2 (Edward T. Clopton death certificate).

[6] Complaint ¶ 5.

[7] Defendant's evidentiary submissions, Tab 6 (Marchy letter dated Aug. 9, 2001).

[8] *Id.*, Tab 2 (Edward T. Clopton death certificate).

[9] *Id.*, Tab 5 ("Claimant's Statement" form signed by plaintiff on July 19, 2001).

of his brother's death and commenced this action, seeking to recover the full amount payable under the accidental death provision of the life insurance policy.[10]

The complaint alleges only one claim, breach of contract.[11] Defendant moved for summary judgment on March 6, 2003.[12] This court then issued a submission order, setting forth a briefing schedule, and stating that defendant's motion would be deemed submitted to the court for decision, without oral argument, as of April 10, 2003.[13] This court subsequently granted plaintiff's attorneys' motion to withdraw from their representation of plaintiff, on the undisputed ground that plaintiff and his attorneys had "developed an irreconcilable difference of opinion" regarding how to proceed with this action.[14] Since the withdrawal of his attorneys, plaintiff has proceeded in this action *pro se*. In order to minimize any prejudice to plaintiff from such a change in circumstances, the court contemporaneously granted a motion filed on plaintiff's behalf by his withdrawing attorneys, granting him additional time to respond to defendant's motion for summary judgment.[15] Specifically, plaintiff was ordered to file any evidence opposing summary judgment on or before May 2, 2003.[16] He was further ordered to file any brief opposing summary judgment on or before May 9, 2003, on which date the motion for summary judgment would also be deemed submitted to the court for decision without oral argument.[17] The submission dates have long since passed, but

---

[10] Defendant's evidentiary submissions, Tab 8 (Herman Watson, Jr. letter dated Nov. 15, 2001). This letter written to defendant by an attorney acting on plaintiff's behalf states that "[w]e do not believe that [Edward T. Clopton's] death is the result of a murder/suicide but more likely is the result of a double murder." *Id.*; *see also* Complaint (doc. no. 1).

[11] *See* Complaint (doc. no. 1).

[12] *See* doc. no. 11.

[13] *See* doc. no. 14.

[14] *See* doc. nos. 17 and 20.

[15] *See* doc. nos. 18 and 20.

[16] *See* doc. no. 20.

[17] *See id.*

plaintiff still has failed to submit any evidentiary materials or a brief in opposition to defendant's motion.

While the court has given due consideration to the fact that plaintiff is proceeding *pro se*, such status does not relieve him of the duty to oppose defendant's motion for summary judgment. As noted above, plaintiff was given notice of the dates by which he should submit any evidentiary materials or a brief in opposition to the motion. Therefore, it cannot be seriously contended that he was unaware of his burden under Federal Rule of Civil Procedure 56. Specifically, that burden requires that, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure, plaintiff, as the adverse party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (holding that summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). "Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, 'depositions, answers to interrogatories, and admissions on file.'" *Comer v. City of Palm Bay*, 256 F.3d 1186, 1192 (11th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (in turn quoting Rule 56(c)) (some quotation marks omitted). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to

the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-moving party did not adduce evidence in support of claim, and, failed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Upon careful review of the pleadings and materials submitted by defendant, the court concludes that its motion for summary judgment is due to be granted. There are no genuine issues of material fact, and defendant is entitled to judgment as a matter of law. An appropriate order will be entered contemporaneously herewith.

DONE this **20th** day of May, 2003.

United States District Judge